UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID GREENING aka NAATHON R. JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF TACOMA *et al.*,<br><br>　　　　Defendants. | Case No. C04-5407RJB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**April 22nd, 2005** |

　　　　This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4. Before the court is the City of Tacoma's motion to dismiss based on Fed. R. Civ. P. 12 (b)(2)(4)(5) and (6). (Dkt. # 15). This motion was filed in October of 2004. One of the arguments raised by the city related to service of the action.

　　　　As plaintiff was proceeding *in forma pauperis* the United States Marshals had the responsibility to serve the complaint. The court ordered the United States Marshal's to personally serve the complaint and re-noted the motion to dismiss. (Dkt. # 30). On February 3rd, 2005 the city was served. (Dkt. # 32). Plaintiff has responded to the motion to dismiss. (Dkt. # 18). The

REPORT AND RECOMMENDATION- 1

1 remaining issues raised in the motion to dismiss are now ripe for review.

2 Defendant City of Tacoma argues there are no facts in the complaint relating to the city and
3 other than being named in the caption there are no allegations that a city policy or practice is at issue.
4 (Dkt. # 15). Plaintiff responds and argues the complaint cannot be dismissed as he has indicated a
5 clear intent to implicate a city policy, procedure or practice. (Dkt. # 18).

DISCUSSION

A court may dismiss a claim under Fed.R.Civ.P. 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir. 1983), citing; Conley v. Gibson, 355 U.S. 41, 45-56 (1957). Dismissal for failure to state a claim may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. Keniston v. Roberts, 717 F.2d 1295 (9th Cir. 1983). However, a plaintiff must plead factual allegations with specificity; vague and conclusory allegations fail to state a claim for relief. Colburn v. Upper Darby Township, 838 F.2d 663, 666 (3rd Cir. 1988).

A federal court liberally construes a pro se litigants pleadings, but, this liberal interpretation cannot supply facts the plaintiff has failed to plead. Pena v. Gardner, 976 F.2d 469 (9th Cir. 1992). If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal. Keniston, 717 F.2d at 1300. If the claim is not based on a proper legal theory, the claim should be dismissed. Id.

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), cert.

REPORT AND RECOMMENDATION- 2

denied, 478 U.S. 1020 (l986).

Here, plaintiff seeks to hold a municipality liable. In order to set forth a claim against a municipality under §1983, a plaintiff must show that the defendant's employees or agents acted through an official custom, pattern or policy which permits deliberate indifference to, or violates, the plaintiff's civil rights; or that the entity ratified the unlawful conduct. See Monell v. Department of Social Servs., 436 U.S. 658, 690-91 (1978); Larez v. City of Los Angeles, 946 F.2d 630, 646-47 (9th Cir. 1991). The complaint fails to allege that any city policy, custom, or practice is at issue or that any named defendant was acting pursuant to a city policy, custom, or practice.

Plaintiff's argument that John Ladenberg is a high level official with the city or county does not save the complaint. Plaintiff has failed to that allege a policy, custom, or practice is at issue and the defendant City of Tacoma is entitled to dismissal. Accordingly, the motion to dismiss the City of Tacoma should be **GRANTED.** A proposed order and proposed judgment accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 22nd, 2005**, as noted in the caption.

DATED this 21st day of March, 2005.

    __s/ Karen L. Strombom__
    Karen L. Strombom
    United States Magistrate Judge

REPORT AND RECOMMENDATION- 3