UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID GREENING aka NAATHON R. JOHNSON,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF TACOMA *et al.*,<br><br>    Defendants. | Case No. C04-5407RJB<br><br>REPORT AND RECOMMENDATION<br><br>**NOTED FOR:**<br>**June 10th, 2005** |

    This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court is a motion for summary judgement filed by the remaining defendants in this action, John W. Ladenburg and Lisa K. Wagner.  (Dkt. # 35).  The motion is supported by the declaration of Lisa Wagner and attachments thereto.  (Dkt. # 37).  Plaintiff opposes the motion. (Dkt. # 42)  Plaintiff asks that portions of Ms. Wagner's declaration be stricken from the record.  The motion is **DENIED** for the reasons set forth below.

## FACTS

    In 1995 the Washington state legislature passed a bill that repealed the expiration clause of

REPORT AND RECOMMENDATION- 1

the crime of trafficking in stolen goods. On December 21, 2000 the State Court of Appeals ruled the 1995 repeal was unconstitutional. (Dkt. # 35). In 1997, while plaintiff was being housed at the Pierce County jail on an assault charge, a detective interviewed him about some stolen coins that had been sold at a pawn shop. (Dkt. # 35 and 42). The parties agree that plaintiff told the detective he sold the coins to the pawnshop but disagree as to whether plaintiff admitted he knew the coins were stolen. The police report indicates plaintiff admitted to knowing the coins were stolen. (Dkt. # 37, Declaration of Lisa Wagner attached exhibit #1) Plaintiff was convicted of the assault charge and sent to the Washington State Penitentiary.

In October of 1997 he was charged with trafficking in stolen property and returned to the Pierce County Jail. Plaintiff subsequently plead guilty to trafficking in stolen property and was sentenced to 63 months confinement with the sentence running concurrent to his prior assault conviction.

In 2000 the Washington state court of appeals held that the legislation that prevented abolishing of the trafficking in stolen property statute was improperly passed and was invalid. The Defendants caused Plaintiff's conviction to be vacated on January 24th, 2002. Plaintiff did not spend any additional time in prison as a result of the conviction for trafficking in stolen property.

Plaintiff filed this action and claims defendant Wagner knowingly submitted a false declaration of probable cause as plaintiff did not admit the coins he sold to the pawnshop were stolen. (Dkt. # 10, complaint page 5).

## DISCUSSION

A. <u>The Standard.</u>

Pursuant to Fed. R. Civ. P. 56 (c), the court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323

REPORT AND RECOMMENDATION- 2

(1985).

There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56 (e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 253 (1986); T. W. Elec. Service Inc. v. Pacific Electrical Contractors Association, 809 F.2d 626, 630 (9th Cir. 1987).

B.   Absolute Immunity.

A prosecuting attorney who initiates and prosecutes a criminal action is immune from a civil suit for money damages under 42 U.S.C. § 1983. Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Absolute immunity applies when the challenged activity is intimately associated with the judicial phase of the criminal process. Id. at 430. Prosecutors are also absolutely immune for quasi-judicial activities taken within the scope of their authority. Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir.1986). A prosecutor's activities in connection with the preparation and filing of charges are protected by absolute immunity. Kalina v. Fletcher, 118 S.Ct. 502, 509 (1997). Neither a conspiracy nor a personal interest will pierce a prosecutor's absolute immunity. Ashelman, 793 F.2d at 1072. Prosecutorial immunity extends to the process of plea bargaining as an integral part of the judicial process. Miller v. Barilla, 549 F.2d 648, 649 n. 3 (9th Cir. 1977). This level of immunity also extends to the sentencing phase of a criminal case. Peace v. Baker, 679F. Supp. 1145 (D. Nev. 1988).

Nothing in plaintiff's briefing shows that absolute immunity does not extend to this defendant for the role she played in filing charges against the plaintiff. Plaintiff seeks to have the court strike the portions of Lisa Wagner's declaration that cover the police report claiming that the defendant lacks personal knowledge of the facts in the report. Ms. Wagner is not testifying as to the truth of the report. She is averring to having read the factual assertions in the report, and having relied on those assertions in preparing the declaration of probable cause.

REPORT AND RECOMMENDATION- 3

1    This is exactly the type of decision making process covered by absolute immunity.  The
2 remaining defendants have raised the affirmative defense of absolute immunity and are entitled to
3 summary judgment.  This action should be **DISMISSED WITH PREJUDICE.**  Having reached this
4 conclusion the court does not address defendant's remaining arguments.

CONCLUSION

6    Defendant's motion for summary judgment should be **GRANTED.**  A prosecutor is entitled
7 to absolute immunity for her role in charging a defendant in a criminal case where she receives and
8 relies on a police report.  This action should be **DISMISSED WITH PREJUDICE.**  A proposed
9 order accompanies this Report and Recommendation.

10    Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the
11 parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed.
12 R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of
13 appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule
14 72(b), the clerk is directed to set the matter for consideration on **June 10th, 2005**, as noted in the
15 caption.

    DATED this 9th day of May, 2005.

                                   Karen L. Strombom
                                   United States Magistrate Judge

REPORT AND RECOMMENDATION- 4